Landon, J.
The finding of the referee is supported by the bill of sale made by the defendant to the plaintiff, March 16,1872, of the one-fourth interest in the steamboat.
The defense is that the bill of sale was delivered to the plaintiff to enable him to raise $1,000 upon it to pay upon the purchase money of the one-quarter interest, and that this was not paid.
It is not claimed that it was agreed that if this should not be done, that then this bill of sale should be returned, but it is claimed if it should be done, the plaintiff should have a formal bill of sale, to be then executed. The defendant’s counsel says that this bill of sale was delivered for a merely temporary purpose, but this is a stronger statement than the defendant’s witnesses make.
Assuming the testimony competent to show the purpose for which this bill of sale was delivered, we have the fact that it was given to the plaintiff to enable him to raise $1,000 from a friend to apply upon the purchase money, but we do not have the fact that if he did not raise it the bill of sale was to be returned, or that the sale by defendant to plaintiff of the one-quarter interest was not to be of precisely the character the bill of sale states, absolute and unconditional.
Looking at the transaction in the light of the bill of sale, and of the uncontradicted evidence of the defendant, the fact seems to stand thus: The bill of sale was absolute and unconditional and vested in the plaintiff one-quarter interest in the steamboat. The plaintiff proposed to raise from a friend $1,000 to pay the defendant immediately, but did not succeed in doing it, but the evidence fails to show that this failure in any way affected his title, or that it was then understood that his title was conditional upon his raising and paying $1,000. Of course, if the plaintiff should pay the $1,000 immediately, it would be proper either to indorse the payment upon the bill of sale, or make a new one or give a receipt, and it is not improbable that this was the purpose of the further paper which the defendant thinks was to be a bill of sale.
The referee properly hesitated to set aside a bill of sale made in 1872, and which he was justified in supposing was made to be the perpetual evidence of the actual transaction, and accept in its place the paroi statement of the defendant, which might after all be reconciled with the bill of sale. If either should be rejected as repugnant to the other, the bill of sale should not be.
*376 Judgment affirmed, with costs.
Learned, P. J., concurs; Bookes, J., not voting.